

GDB: USAO 2017R00853



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**2019 JAN -3  AM 11: 25
**FOR THE DISTRICT OF MARYLAND**

CLERK'S OFFICE
AT GREENBELT

BY_____ KM DEPUTY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** PJM 19cr0004 |
| | * | |
| **EMMANUEL CLEMENT,** | * | **(Money Laundering Conspiracy,** |
| | * | **18 U.S.C. § 1956(h); Forfeiture,** |
| **Defendant** | * | **18 U.S.C. § 982(a)(1), 21 U.S.C.** |
| | * | **§ 853(p), 28 U.S.C. § 2461(c))** |
| | * | |

*******

## INFORMATION

### COUNT ONE
### (Money Laundering Conspiracy)

The United States Attorney for the District of Maryland charges that:

### Introduction

At times relevant to this Information:

1.     Defendant **EMMANUEL CLEMENT ("CLEMENT")** was a resident of

Maryland.

### The Conspiracy

2.     Between in or about August 2017 and in or about August 2018, in the District of

Maryland and elsewhere, the defendant,

### EMMANUEL CLEMENT,

did knowingly conspire with other persons known and unknown to the United States to conduct

and attempt to conduct financial transactions which in fact involved the proceeds of specified

unlawful activity, to wit, wire fraud, in violation of 18 U.S.C. § 1343, while knowing that the

property involved in the financial transactions represented the proceeds of some form of

unlawful activity and

        a.      with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

        b.      knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(l)(B)(i).

**Manner and Means of the Conspiracy**

It was part of the conspiracy that:

3.     **CLEMENT** and others registered or caused to be registered the following shell companies at addresses in Maryland, including **CLEMENT**'s residence: Lexcinno Services ("Lexcinno"), A-Tech Services LLC ("A-Tech Services"), Kenrose Global Services LLC ("Kenrose"), Kinson Shoes LLC ("Kinson Shoes"), and Devyn Landmark Contractors LLC ("Devyn Landmark").

4.     **CLEMENT** and others opened or caused to be opened bank accounts at various financial institutions under the business names of Lexcinno, A-Tech Services, Kenrose, Kinson Shoes, and Devyn Landmark.

5.     **CLEMENT** and others, through false pretenses, solicited business payments from companies located in the United States, Canada, and China ("the fraud proceeds"), and directed those payments into the bank accounts opened under the business names of Lexcinno and A-Tech Services.

6.     **CLEMENT** and others laundered the fraud proceeds by transferring the money from the Lexcinno and A-Tech Services bank accounts to the accounts opened under the

business names of Kenrose, Kinson, and Devyn Landmark by means of cashier's checks and wire transfers.

## Overt Acts

7.    In furtherance of the conspiracy and to effect the objects thereof, the defendant and others committed and caused to be committed the following overt acts, among others, in the District of Maryland and elsewhere:

### The Shell Companies

a.    On or about May 8, 2017, **CLEMENT** registered Lexcinno through the Maryland State Department of Assessments and Taxation ("SDAT").

b.    On or about June 14, 2017, a member of the conspiracy registered Devyn Landmark through SDAT.

c.    On or about September 7, 2017, **CLEMENT** registered Kenrose through SDAT.

d.    On or about September 7, 2017, **CLEMENT** registered A-Tech Services through SDAT.

e.    On or about September 25, 2017, a member of the conspiracy registered Kinson Shoes through SDAT.

### The Bank Accounts

f.    On or about January 31, 2017, a member of the conspiracy opened a bank account at Capital One Bank ending in 4148 ("Capital One x4148") under the Kinson Shoes business name.

g.    On or about May 8, 2017, **CLEMENT** opened a bank account at Citibank ending in 3978 ("Citibank x3978") under the Lexcinno business name.

3

      h.      On or about September 1, 2017, a member of the conspiracy opened a bank account at BB&T Bank ending 5661 ("BB&T 5661") under the Devyn Landmark business name.

      i.      On or about September 8, 2017, **CLEMENT** opened a bank account at Citibank ending in 4460 ("Citibank x4460") under the A-Tech Services business name.

      j.      On or about September 13, 2017, **CLEMENT** opened a bank account at Capital One Bank ending in 5374 ("Capital One x5374") under the Kenrose business name.

Business Email Compromises

      k.      In or about August 2017, a member of the conspiracy who posed as a representative of Company 2—one of Company 1's suppliers—contacted Company 1 by email, falsely represented to Company 1 that Company 1 was past due on money owed to Company 2, and directed Company 1 to send an interstate money wire transfer of $20,647 to Citibank x3978 ("the Company 1 business email compromise").

      l.      In or about September 2017, a member of the conspiracy who posed as a representative of Company 3—one of Company 1's suppliers—contacted Company 1 by email and falsely represented to Company 1 that Company 1 was past due on money owed to Company 3.

      m.      In or about August 2017, a member of the conspiracy who posed as a representative of Company 5—one of Company 4's suppliers—contacted Company 4 by email, falsely represented to Company 4 that Company 4 was past due on money owed to Company 5, and directed Company 4 to send an interstate money wire transfer of $32,457 to Citibank x3978 ("the Company 4 business email compromise").

4

n.      In or about September 2017, a member of the conspiracy who posed as a representative of one of Company 6's vendors contacted Company 6 by email, falsely represented to Company 6 that Company 6 was past due on money owed to that vendor, and directed Company 6 to send an international money wire transfer of $1,520,090 to Citibank x4460 ("the Company 6 business compromise").

Money Laundering Transactions

o.      On or about September 14, 2017, **CLEMENT** obtained a cashier's check with funds totaling $200,000 from Citibank x4460 that constituted proceeds of the Company 6 business email compromise, and deposited the cashier's check into Citibank x3978.

p.      On or about September 30, 2017, **CLEMENT** obtained a cashier's check worth $100,000 from Citibank x3978 that constituted proceeds of the Company 6 business email compromise, and provided that check to his co-conspirator, who deposited the cashier's check into Capital One x4148.

q.      On or about September 14, 2017, **CLEMENT** obtained two cashier's checks with funds totaling $100,000 from Citibank x4460 that constituted proceeds of the Company 6 business email compromise, and deposited the cashier's checks into BB&T x5661.

r.      In or about September 2017, **CLEMENT** obtained $150,000 worth of cashier's checks drawn on funds from Citibank x3978 that constituted proceeds of the Company 1, Company 4, and Company 6 business email compromises, and deposited the cashier's checks into Capital One x5374.

18 U.S.C. § 1956(h)

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982(a)(1) as a result of the defendant's conviction under Count One of the Information.

2.      As a result of a conviction for the offense charged in Count One, the defendant,

### EMMANUEL CLEMENT,

will forfeit to the United States all property, real or personal, involved in a transaction or attempted transaction of such violation, and all property traceable to such property. The property to be forfeited includes, but is not limited to, United States currency.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of any defendant,

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

18 U.S.C. § 982(a)(1)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Robert Hur / o-DXS

Robert K. Hur
United States Attorney